USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                              :

UNITED STATES OF AMERICA       :   ~~[PROPOSED]~~

                         :   <u>PROTECTIVE ORDER</u>

    - v. -                    :

                         :   20 Cr. 102 (VEC)

MARIA FERNANDA GUTIERREZ OSPINO, :

and JOSE ANDRE URENA SANCHO,    :

            Defendants.      :

- - - - - - - - - - - - - - - - - - - x

HONORABLE VALERIE E. CAPRONI, District Judge:

    WHEREAS the Government intends to produce to the above-listed defendants in this case certain discovery materials that may contain personal identifying information for individuals other than the defendants, including names, images, and telephone numbers, and/or materials that might be harmful to law enforcement agents' ongoing investigation if made public; and

    WHEREAS pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

        1. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in

emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

    2. Confidential Material disclosed to the defendants, or to their counsel, during the course of proceedings in this action:

    (a) shall be used by the defendants or their counsel only for purposes of this action;

    (b) shall be kept in the sole possession of the defendants' counsel or the defendants;

    (c) shall not be copied or otherwise recorded by the defendants;

    (d) shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(e) below;

    (e) may be disclosed only by the defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

        (i) secretarial, clerical, paralegal, investigative, interpretation, translation, and student personnel employed full-time or part-time by the defendants' counsel;

        (ii) independent expert witnesses retained by the defendants or on their behalf in connection with this action; and

        (iii) such other persons as hereafter may be authorized by the Court upon a motion by the defendants;

    (f) shall be either (i) returned to the Government following the conclusion of this case, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendants' counsel verifying in writing to the Government that such destruction has taken place.

    3. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

    4. Sensitive Material disclosed to the defendants, or to the defendants' counsel, during the course of proceedings in this action, shall be subject to the conditions applicable to Confidential Material, with the exception of paragraph 2(b) above. Sensitive Material may be shown to the defendants, but may not be maintained in the defendants' possession.

5. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(e). Designated Persons shall be subject to the terms of this Order.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

7. With respect to Confidential Material or Sensitive Material, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court shall retain jurisdiction to enforce this Order following termination of the case.

9. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
UNITED STATES ATTORNEY

By: _____
Samuel P. Rothschild
Assistant United States Attorney

_____
Julia Kefalinos, Esq.
Counsel for Maria Fernanda Gutierrez Ospino

_____
Ariel Werner, Esq.
Counsel for Jose Andre Urena Sancho

SO ORDERED:

_____ Date: 02/24/2020
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE